UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENARD SPENCER,

    Petitioner,

v.

CASE NO. 98-CV-74207
HONORABLE MARIANNNE O. BATTANI
UNITED STATES DISTRICT JUDGE

PAMELA WITHROW,

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING THE MOTION FOR RELIEF FROM JUDGMENT [DKT. # 27] TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

On August 17, 1999, the Court denied petitioner's habeas application for a writ of habeas corpus that had been filed pursuant to 28 U.S.C. § 2254. The Court subsequently denied petitioner a certificate of appealability. The Sixth Circuit ultimately dismissed petitioner's appeal for want of prosecution. Spencer v. Withrow, No. 99-2058 (6th Cir. October 19, 1999).

Petitioner has filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). For the reasons that follow, the Court will transfer this case to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

**I. Discussion**

Petitioner seeks relief from the Court's denial of his petition for writ of habeas corpus. Petitioner claims that a fraud was committed on this Court

1

because the state trial prosecutor, Assistant Prosecuting Attorney Augustus Hutting, falsified facts at petitioner's trial regarding the bullets that had been recovered from a porch after the shooting that petitioner was convicted of. Petitioner also argues that the state trial prosecutor offered perjured testimony at his trial. Petitioner further contends that the state trial prosecutor committed a fraud upon this Court by making false statements in his closing argument to the jury.

Before adjudicating petitioner's Rule 60(b) motion, this Court must first determine whether it has jurisdiction to consider the motion. 28 U.S.C. § 2244(b)(3)(A) prohibits a habeas petitioner from filing a second or successive habeas petition in a federal district court, in the absence of an order from the appropriate court of appeals authorizing the district court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A); In re Wilson, 142 F. 3d 939, 940 (6th Cir. 1998). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. See In Re Sims, 111 F. 3d 45, 47 (6th Cir. 1997). Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue sua sponte because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. See Williams v. Stegall, 945

2:98-cv-74207-MOB   Doc # 28   Filed 04/21/14   Pg 3 of 6   Pg ID 24

F. Supp. 145, 146 (E.D. Mich. 1996).

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).  On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. Id., at 532.  A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id., at 532, n. 4.  A claim of "[f]raud on the federal habeas court" is another example of such a defect that would not be considered to be a second or successive habeas petition. Id. at 532, n. 5.

Petitioner is not entitled to relief from judgment because he has failed to

3

show that a fraud has been committed upon this Court.

The elements of fraud upon the court consists of conduct:

1. on the part of an officer of the court;
2. that is directed to the "judicial machinery" itself;
3. that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;
4. that is a positive averment or is concealment when one is under a duty to disclose; and,
5. that deceives the court.

Demjanjuk v. Petrovsky, 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner's "fraud on the court" claim is without merit, because he has failed to show that any alleged fraud was committed by an officer of this Court. (emphasis supplied). In order for a claim of fraud on the court to succeed, so as to permit relief from a state conviction pursuant to Fed.R. Civ. P. 60, "the fraud must have been committed by an officer of the federal habeas trial or appellate courts." Buell v. Anderson, 48 Fed. Appx. 491, 499 (6th Cir. 2002)(citing Workman v. Bell, 227 F. 3d 331, 336, 341 (6th Cir. 2000)(en banc)). Because Mr. Hutting was not acting as an officer of the federal habeas court when he allegedly offered false or perjured testimony or offered unsworn testimony or false statements in his closing argument at petitioner's trial in the state court, the "fraud upon the court" exception does not apply to permit petitioner to maintain an independent action for relief from judgment. Id.

Petitioner's motion for relief from judgment, in which he alleges that the state trial prosecutor offered perjured testimony and made an improper closing

4

argument amounts to a second or successive habeas petition because although petitioner alleges a fraud upon the court, he is in reality seeks a second opportunity for a review of his claims that he raised in his original habeas petition. See Thompkins v. Berghuis, 509 Fed. Appx. 517, 519 (6th Cir. 2013). Petitioner fails to show that there was any willful deceit or intentional action on the part of Carolyn M. Breen, the assistant Wayne County Prosecuting Attorney who filed the answer to the petition, in permitting the various witnesses' testimony and Assistant Prosecuting Attorney Hutting's arguments in state court to become part of the record in federal court. Petitioner cannot establish fraud on the Court and is simply attempting to get a second opportunity to have the merits of his case determined favorably. Petitioner's Rule 60(b) motion is simply an attack on the state court's judgment of conviction and should properly be considered a second or successive habeas petition. Id. at pp. 519-20.

  Petitioner previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, See Harris v. Stovall, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's prior habeas petition was denied on the merits. Petitioner's current Rule 60(b) motion is a successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization.

## II. Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer the Motion for Relief From Judgment [Dkt. # 27] to the United States Court of Appeals for the Sixth Circuit.

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI**
Dated: April 21, 2014      UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail, and Counsel for the Respondent, electronically.

s/Bernadette M. Thebolt
Case Manager